# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**CARY BLISS and**
**DALE TRASK,**

      **Plaintiff(s),**

  **vs.**                                  **CIVIL NO.03-733 WDS/RLP**

**LARRY FRANCO, JON LUND**
**and ARCHIE SMITH**
**in their individual capacities,**

      **Defendant(s).**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 12). Defendants move for summary judgment on three grounds. As to the constitutional violations against Plaintiff Bliss, Defendants assert the defense of qualified immunity; as to the constitutional violations against Plaintiff Trask, they assert that there is no evidence that Defendants participated in any way in Trask's detention, arrest and charging by State Police Officer Frank Smith (apparently unrelated to Defendant Archie Smith); and, finally, as to the state tort claims, Defendants assert that they are not "law enforcement officers" for purposes of the waiver of sovereign immunity.

The material facts are not in dispute. Defendant Bliss was convicted in state court on felony charges and sentenced to probation for a period of eighteen (18) months. The probation was to begin on May 8, 2000 and was to terminate on October 31, 2001. A requirement of probation set out in the order was that any probation officer was allowed to visit Bliss' residence at any time and to conduct warrantless searches to ensure her compliance with the terms of probation. Although the

period of probation was to run until October 2001, due to an error in the probation office, her date of termination was listed as April 30, 2001. Based upon that erroneous record, Defendant Franco, a probation officer, prepared an order of discharge and forwarded it to the presiding judge. Soon thereafter Franco realized his error. He checked the probation file and ascertained that there was no order of discharge signed by the judge in the file. He mistakenly assumed that the judge had discovered the mistake and had not signed the order. In fact the judge had signed the order and filed it with the court on May 11, 2001. For reasons unknown a copy of that order was not forwarded to the probation division until July 5, 2001.

On two occasions in May and June 2001, Defendant Franco made field inspections to visit with Bliss. At no time did Bliss inform Franco that the probation had been discharged. On June 19 Defendants Franco, Lund and Archie Smith went to Bliss' residence to conduct another routine inspection. When the probation officers knocked on the door and identified themselves no one answered, though the Defendants saw a person moving about inside the home. The facts at this point are somewhat disputed. Defendants claim that Bliss had previously reported domestic violence by her live-in boyfriend and they were concerned with her safety. Plaintiff Bliss states she never reported such violence. Nevertheless, the Defendants requested police assistance at the residence to support them in their inspection.

When police officers arrived Plaintiff Trask opened the front door. NMSP Officer Frank Smith, upon seeing two knives in sheaths on Trask's belt, placed Trask into handcuff restraints for officer safety. NMSP Officer Smith asked Trask if he could speak with Bliss and Trask stated she was not there. At this point Defendants conducted a search of the residence. They found Bliss under a bed. She was questioned but not arrested. As soon as Bliss was found, NMSP Officer Smith placed Trask under arrest for obstructing an officer. On July 5, 2001 the probation division received

a copy of the order discharging Bliss from probation.  They took no further action with respect to her case.

Plaintiffs' first argument in opposition to the motion is a vague claim that it is premature and that more discovery needs to be done.  A Rule 56 (f) affidavit by Plaintiffs' counsel was filed.  There is, however, no specificity in that affidavit or in Plaintiffs' Response stating what discovery would be needed and on what aspect of the summary judgment motion.  Accordingly, Plaintiffs' request for additional discovery is denied.

With respect to Bliss, Plaintiffs argue that since the order of discharge was signed by the judge on May 11, 2001, the probation division had no further right to enter and search her residence without a warrant.  Further they argue that search and seizure law is well established, thus Plaintiff Bliss rights were violated when her residence was searched on June 19.  There is no dispute between the parties as to the general law to be applied.  The doctrine of qualified immunity is designed to protect governmental officials performing discretionary functions from civil actions "insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The relevant issue is the fact specific, objective question of whether a reasonable officer could have believed the defendant's conduct was lawful in light of clearly established law and the information the defendant possessed. Anderson v. Creighton, 483 U.S. 635 (1987).  In our case, the Defendants thought they had a right, under the terms of the probation order, to search without a warrant.  The evidence is uncontradicted that neither the Defendants nor Plaintiff Bliss had knowledge of the fact that at the time of the search the probation had been terminated.  Plaintiffs argues that it was unreasonable for Defendant Franco not to have followed up when he discovered that the probation order had been mistakenly prepared and forwarded to the judge.  Failing to follow up with the judge may have been

negligent in May when he discovered that the probation should not have been discharged, but that negligence is not relevant to the Defendants conduct in June when the events at issue occurred.   At the time of the search a reasonable person, not having seen an order discharging probation, and not having been informed by anyone, including the Plaintiff Bliss, that such an order existed, cannot be said to have violated clearly established rights.   Under the standard set out above, the objective question of whether a reasonable officer could have believed the defendant's conduct was lawful in light of clearly established law and the information the defendant possessed has to be answered  in the affirmative.  Id.  The Defendants' Motion for Summary Judgment as to qualified immunity is granted.

The argument with respect to Plaintiff Trask appears to be that personal participation by the Defendants is not necessary where an affirmative link is shown between the constitutional deprivation and either the defendant's exercise of control or direction or his failure to supervise.  Under the facts of this case there has been no showing of any exercise of control over NMSP Officer Smith, nor is there a showing of any duty to exercise any control over Officer Smith, an independent officer of a different state entity.   Similarly, there has been no showing of any duty to supervise, thus there can be no failure to do so.  Accordingly, Defendants Motion for Summary Judgment is also granted as to this claim.  Although not argued, the complaint could be read to allege a claim similar to that of Plaintiff Bliss for unlawful search and seizure, for entering Trask's residence without a warrant.  It would appear that such a claim would also be subject to a qualified immunity defense as discussed above.

The last claim is a state law claim for a violation of the New Mexico Tort Claims Act.  This claim must also fail as New Mexico law is very clear that probation officers are not "law enforcement officers" for purposes of the waiver of sovereign immunity.  Vigil v. Martinez, 113 N.M. 714 (N.M.

Ct. App. 1992).  Defendants' Motion will also be granted as to this claim.

      IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 12)

is granted and Plaintiffs' complaint is dismissed with prejudice.


                                          _____

                                          **W. DANIEL SCHNEIDER**

                                          **United States Magistrate Judge**